Karen B. Reisinger, Esq.  (IN #21795-49)
  *(admitted Pro Hac Vice)*
Sandra L. Davis, Esq. (IN #27803-53)
  *(admitted Pro Hac Vice)*
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  kreisinger@schuckitlaw.com
         sdavis@schuckitlaw.com

*Lead Counsel for Defendant Trans Union, LLC*

Michael W. Bien, Esq. (CSB #96891)
Sumana Cooppan, Esq. (CSB #267967)
Rosen, Bien & Galvan, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
Telephone:  415-433-6830
Fax:  415-433-7104
E-Mail:  mbien@rbg-law.com
         scooppan@rbg-law.com

*Local Counsel for Defendant Trans Union, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| KAMLESH BANGA,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>TRANS UNION, LLC, and DOES 1 THROUGH 10 INCLUSIVE,<br>　　　　Defendants. | CASE NO. 3:10-cv-04758-MMC<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between Plaintiff Kamlesh Banga, *pro se*, and Defendant Trans Union, LLC (collectively, the "parties") as follows:

**[PROPOSED] STIPULATED PROTECTIVE ORDER – 3:10-CV-04758-MMC**

**BACKGROUND**

A. Documents and information have been and may be sought, produced or exhibited by and between the parties to this action relating to trade secrets, confidential research, development, technology and other proprietary information belonging to the Defendant and/or personal income, credit and other confidential information of Plaintiff.

B. The parties desire to enter into a mutual agreement regarding the confidentiality of this information and governing the production and use of this information.

**AGREEMENT**

1. Any party, at any time prior to or after production or disclosure, may designate as "Confidential – Attorneys' Eyes Only" any document, testimony or other discovery material that contains confidential commercial or financial information to which they in good faith believe access should be limited to Plaintiff, while she is proceeding as a *pro se* litigant, and litigation counsel presently of record, or subsequently substituted. "Confidential – Attorneys' Eyes Only" material, as used herein, shall refer to any so designated document, testimony or other discovery material and all copies thereof, and shall also refer to the information contained in such materials. No such designation shall be made unless Plaintiff, while she is proceeding as a *pro se* litigant, or counsel of record believes in good faith that the designated material is in fact a trade secret or other confidential or proprietary information.

2. The parties shall exercise restraint and care in designating material as "Confidential – Attorneys' Eyes Only." The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Agreement. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not

qualify for protection, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

3. Discovery materials designated "Confidential – Attorneys' Eyes Only" shall be maintained in confidence for use by Plaintiff, while she is proceeding as a *pro se* litigant, and litigation counsel presently of record, or subsequently substituted, who must have access to such documentation and shall not be disclosed to any person except:

    a. the above captioned Court and its officers and employees in connection with this civil action;

    b. Plaintiff, while she is proceeding as a *pro se* litigant;

    c. litigation counsel of record, or subsequently substituted, and employees of such counsel;

    d. experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment And Agreement To Be Bound" (Exhibit A), provided that the opposing party is provided with a copy of the signed Acknowledgment And Agreement To Be Bound and a written statement including a current curriculum vitae setting forth such person's name, citizenship, present residence address and business address, current employer and job title at least ten days prior to the disclosure and has given its written consent to the disclosure; such consent shall not be denied except for good cause;

    e. during their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal "Confidential – Attorneys' Eyes Only" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Agreement; and

**[PROPOSED] STIPULATED PROTECTIVE ORDER – 3:10-CV-04758-MMC**

      f. the author or recipient of a document containing the "Confidential – Attorneys' Eyes Only" material or a custodian or other person who otherwise possessed or knew the information.

4. Nothing in this Agreement and Protective Order shall be taken as indicating that any discovery materials are in fact "Confidential – Attorneys' Eyes Only" or entitled to confidential treatment.  A party shall not be obligated to challenge the propriety of a "Confidential – Attorneys' Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the producing party of materials designated "Confidential – Attorneys' Eyes Only," the parties shall try first to resolve such dispute in good faith on an informal basis.  If the dispute is not resolved, the objecting party may seek appropriate relief from the Court, and that party shall have the burden of proving the designation is not appropriate.

5. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any "Confidential – Attorneys' Eyes Only" material.  A party that seeks to file under seal any "Confidential – Attorneys' Eyes Only" material must comply with Civil Local Rule 79-5.  "Confidential – Attorneys' Eyes Only" material may only be filed under seal pursuant to a court order authorizing the sealing of the specific "Confidential – Attorneys' Eyes Only" material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the "Confidential – Attorneys' Eyes Only" material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a receiving party's request to file "Confidential – Attorneys' Eyes Only" material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the receiving party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

6. Within sixty (60) days after the conclusion of this litigation or the final conclusion of any appeal taken from a final judgment in this action, the original and all copies

**[PROPOSED] STIPULATED PROTECTIVE ORDER – 3:10-CV-04758-MMC**

of "Confidential – Attorneys' Eyes Only" documents and things produced by a party, attached to motions, or marked as deposition exhibits shall be destroyed with affidavit of destruction or returned to the producing party, at the option of the party from whom such documents and things have been produced.  At such time, all persons having received such "Confidential – Attorneys' Eyes Only" documents shall verify in an affidavit the return or destruction of said documents, all copies thereof, and of all documents and copies thereof containing "Confidential – Attorneys' Eyes Only" information.  Notwithstanding this provision, counsel of record, or subsequently substituted, are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain "Confidential – Attorneys' Eyes Only" information.  Any such archival copies that contain or constitute "Confidential – Attorneys' Eyes Only" information remain subject to this Protective Agreement as set forth in paragraph 7.

7. The terms and conditions of this Protective Agreement are binding even if not executed and entered by the Court and shall survive and remain in force and effect after the termination of this action.  This Protective Agreement and Order may be amended as need may arise by the mutual written consent and agreement of counsel without prior leave of the Court.

SO STIPULATED TO by:

Date: 04/11/11

*s/Karen B. Reisinger*
Karen B. Reisinger, Esq.  (IN #21795-49)
   *(admitted Pro Hac Vice)*
Sandra L. Davis, Esq. (IN #27803-53)
   *(admitted Pro Hac Vice)*
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone: 317-363-2400
Fax:  317-363-2257
E-Mail:  kreisinger@schuckitlaw.com
             sdavis@schuckitlaw.com

*Lead Counsel for Defendant Trans Union, LLC*

**[PROPOSED] STIPULATED PROTECTIVE ORDER – 3:10-CV-04758-MMC**

| | |
|---|---|
| 1 | Michael W. Bien, Esq. (CSB #96891) |
| 2 | Sumana Cooppan, Esq. (CSB #267967) |
|   | Rosen, Bien & Galvan, LLP |
| 3 | 315 Montgomery Street, Tenth Floor |
|   | San Francisco, CA  94104 |
| 4 | Telephone: 415-433-6830 |
|   | Fax:  415-433-7104 |
| 5 | E-Mail:  mbien@rbg-law.com |
|   |           scooppan@rbg-law.com |

*Local Counsel for Defendant Trans Union, LLC*

Date: 04/11/11    *s/Kamlesh Banga (with consent)*
Kamlesh Banga
*Pro se* Plaintiff
P.O. Box 6025
Vallejo, CA  94591

PURSUANT TO STIPULATION IT IS SO ORDERED:

Date:  April 14, 2011    _____
Hon. Maxine M. Chesney, Judge
U.S. District Court
Northern District of California

**[PROPOSED] STIPULATED PROTECTIVE ORDER – 3:10-CV-04758-MMC**

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [insert date] in the case of Banga vs. Trans Union, LLC, Case No. 3:10-cv-04758-MMC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]

**[PROPOSED] STIPULATED PROTECTIVE ORDER – 3:10-CV-04758-MMC**